IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN BLAKE, SR. | ) | |
| 205 West Hawthorne Dr. | ) | |
| La Plata, Maryland 20646 | ) | |
| Plaintiff | ) | Case No. |
| v. | ) | |
| | ) | |
| THE ARCHITECT OF THE CAPITOL | ) | Judge: |
| U.S. Capitol Building | ) | |
| Washington D.C. | ) | **PLAINTIFF'S ORIGINAL COMPLAINT** |
| Defendant | ) | **JURY TRIAL DEMANDED HEREIN** |

For his Complaint against the Defendant Architect of the Capitol, Plaintiff John Blake, by and through his undersigned attorneys, avers the following, based on information and belief and/or the Plaintiff's personal knowledge.

## JURISDICTION

1. Plaintiff invokes the jurisdiction of this Court pursuant to The Congressional Accountability Act of 1995 (2 U.S.C. §1408(a)) and 28 U.S.C. § 1331.

2. This is an action authorized and instituted pursuant to The Congressional Accountability Act, (2 U.S.C. § 1311(a)(3)), which extends the protection of the Rehabilitation Act of 1973 and the Americans with Disabilities Act to employees of the Architect of the Capitol.

3. The unlawful employment practices alleged in this complaint were committed in the District of Columbia, and as such venue is appropriate in the United States District Court for the District of Columbia.

4. The Plaintiff is a resident of the state of Maryland and is a "covered employee" as defined by the Congressional Accountability Act.

5. The Defendant, the Architect of the Capitol (AOC), is a Congressional Agency located in the District of Columbia.

6. In accordance with 2 U.S.C. § 1448(a) the Plaintiff has completed counseling as required by 2 U.S.C. § 1402 and mediation as required by 2 U.S.C. § 1403. Plaintiff has therefore satisfied all administrative and judicial prerequisites to the institution of this action. The Plaintiff files this complaint after the expiration of 30-days, and before the expiration of 90-days, following the receipt of the notice of the termination of mediation.

## BACKGROUND FACTS RELATED TO ALL COUNTS

7. The Plaintiff reasserts and incorporates by reference each of the above paragraphs as if they were specifically restated here.

8. At all times relevant to this complaint Plaintiff has been employed as an electrician in the AOC's House Office Building Electrical Division.

9. At all times relevant to this Complaint, the Plaintiff suffered (and continues to suffer) from the mental impairment of major depressive disorder.

10. The Plaintiff's major depression substantially limited (and continues to limit) his ability to perform one or more major life activities.

11. Plaintiff is a qualified individual with a disability, because he suffers from a mental impairment that substantially limits one or more major life activity, but he can perform the essential functions of his position with a reasonable accommodation (a change in shift, from evening shift to day shift).

12. In December of 2004, the Complainant requested that he be moved from the evening shift to the day shift to help him with what he described as personal

family problems. The AOC granted the Plaintiff's request and moved him to the day shift at that time.

13. In May 2005, the AOC notified Plaintiff that he would be moved back to the evening shift on May 31, 2005.

14. In response to the notice that he would be returned to the evening shift, Mr. Blake requested, via email dated May 26, 2005, that he remain on the day shift. In his request, Mr. Blake indicated *inter alia* "My wife and I [are] trying to work out our marriage and worrying about what is going to happen if I am put back on the evening shift at this time [*sic*], *I am fighting a battle with major depression*. *I have had to be stopped from suicide* and put in the hospital before and do not want to go through or put my family through that again. With this letter I am including a signed copy of my counselor's letter … and a letter from my regular medical doctor." (*emphasis added*).

15. The AOC granted the accommodation that the Plaintiff requested. This time the accommodation was only for three months, and the AOC notified Plaintiff that he would be returned to the evening shift on August 29, 2005.

16. In addition to having a disability that substantially limits one or more major life activities, Plaintiff's employer considered and regarded him as having a disability that substantially limits one or more major life activities.

17. The Defendant returned Plaintiff to the evening shift on or about August 29, 2005.

18. At all times relevant to this complaint, there was a vacant position for an electrician on the day shift in the AOC, House Office Buildings Electrical Division. The day-shift position was announced under Vacancy Announcement

No. HOB 2005-239 on September 9, 2005, after Mr. Blake was forced to return to the evening shift. When Mr. Blake asked to be moved into the open position noncompetitively, he was told that the position was not going to be filled non-competitively and that he would have to apply and compete for the lateral transfer. Mr. Blake applied for the day shift position after being told that he could not be moved into the vacant day shift position non-competitively. Mr. Blake was found to be eligible for the day shift position and his name was forwarded to the selecting official on or about September 26, 2005.

19. On or about September 23, 2005, Plaintiff informed his counselor that he was experiencing suicidal ideation because of his fear that working the evening shift would lead to the failure of his marriage. The Plaintiff was hospitalized as a result of his depression and suicidal ideation. He thereafter requested advanced sick leave and remained on sick leave until October 14, 2006; because his advanced sick leave was exhausted, he was listed as absent from work without approved leave on October 16 and 17, 2005.

20. On October 17, 2005, Mr. Blake met with Peter Aitcheson, the Assistant Superintendent of the AOC, House Office Buildings. Mr. Blake again requested that he be placed on the day shift as an accommodation for his major depression. Mr. Aitcheson rejected Mr. Blake's request, informed him that depression was a 24-hour a day illness that should be indifferent to the shift he worked and that if he could not work the evening shift he should find another job.

21. After Mr. Aitcheson rejected the requested accommodation, Mr. Blake experienced a breakdown. He was removed from the Electrical Division break room by ambulance and hospitalized.

22. Plaintiff retained counsel in October 2005, and with the assistance of counsel, provided additional medical documentation in support of his request for the requested accommodation (lateral transfer to the day shift).

23. On or about October 20, 2005, Defendant informed Plaintiff that it agreed to transfer him to the day-shift electrician position, and from that point on Plaintiff has successfully performed the essential duties and functions of his position.

## COUNT I: DISCRIMINATION BASED ON DISABILITY

24. Plaintiff repeats and incorporates by reference each of the foregoing paragraphs as if they were specifically restated here.

25. The Defendant unlawfully denied Complaint's requested accommodation between August 29, 2005 and approximately November 2005, when the transfer was effectuated.

26. The Defendant has no excuse for its denial of the requested accommodation: it had sufficient documentation from the Plaintiff and his doctors to establish his disability and to support his transfer to day shift as an accommodation in order to permit the Plaintiff to perform the essential duties of his position. Moreover, a vacant position existed on the day shift into which the Plaintiff could have been immediately transferred on a non-competitive basis.

27. As a result of the Defendant's refusal to grant the reasonable accommodation, the Plaintiff suffered two emotional and nervous breakdowns, both of which required hospitalization and additional medical care and treatment.

28. As a result of the Defendant's refusal to grant the reasonable accommodation, the Plaintiff was required to expend his accrued leave and to borrow advanced sick leave.

29. As a result of the Defendant's refusal to grant the reasonable accommodation, the Plaintiff was forced to incur leave without pay.

30. Despite ultimately granting the requested accommodation (but only after the Plaintiff filed his request for counseling under 2 U.S.C. § 1402 and his request for mediation as required by 2 U.S.C. § 1403, and as a result of the Plaintiff's counsel's actions, negotiations and involvement), the Defendant refused to pay the Plaintiff his attorneys fees in violation of the Congressional Accountability Act, 2 U.S.C. § 1311 (b)(3)(A).

31. As a result of the discriminatory conduct described above, Mr. Blake has suffered economic damages in the form of lost income and benefits, in addition to severe emotional pain and suffering requiring hospitalization, medical care, and medication.

WHEREFORE, Plaintiff prays that this Court: (i) declare that the employment practices complained of in this complaint are unlawful in that they violate the Congressional Accountability Act, the Rehabilitation Act and the Americans with Disabilities Act, made applicable to the Architect of the Capitol therein; (ii) order the defendant to make the plaintiff whole by granting full back pay, restoration of leave, and reimbursement for any

loss of pension, retirement, insurance, Social Security and other monetary and non-monetary benefits, and prejudgment interest, all in amounts to be proved at trial; (iii) order that the defendant pay plaintiff compensatory damages in an amount to be determined at trial; (iv) retain jurisdiction over this action to ensure full compliance with the Court's orders and require the defendant to file such reports as the Court deems necessary to evaluate such compliance; (v) order the defendant to pay plaintiff's costs, expenses and reasonable attorneys' fees in connection with this action; and (vi) grant such other and further relief to the plaintiff as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

      Respectfully Submitted,
      ALDERMAN & DEVORSETZ, PLLC

      _____
      Leslie D. Alderman III (D.C. # 477750)
      1025 Connecticut Ave., NW
      Suite 1000
      Washington, DC 20036
      Tel: 202-969-8220
      Fax: 202-969-8224
      Attorneys for the Plaintiff