IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN BLAKE, SR.            )
                           )
        Plaintiff,         )
                           )
v.                         ) Civil Action No. 06-1575 (HHK)
                           )
THE ARCHITECT OF THE CAPITOL )
                           )
        Defendant.         )
                           )
_____)

## JOINT STIPULATION OF SETTLEMENT AND VOLUNTARY DISMISSAL

Plaintiff, John Blake, and Defendant, the Architect of the Capitol, hereby stipulate and agree to settle and compromise the above-captioned action on the terms and conditions set forth in this Joint Stipulation of Settlement and Voluntary Dismissal [Stipulation] and that, subject to the following terms, plaintiff's claims against defendant in this case shall be dismissed with prejudice:

1. The parties hereby agree that:

    a. They both participated in or had the opportunity to participate in drafting this Stipulation;

    b. They consulted with, or have had sufficient opportunity to consult with, an attorney or other representative;

1

      c.    They have read and understand the terms and conditions of this Stipulation;

      d.    They enter into this Stipulation voluntarily, with full knowledge of its significance, effects and consequences, and without duress, threat, coercion, intimidation, promise or inducement other than the terms and conditions set forth herein;

      e.    They waive any right they may have to challenge or contest the validity of this Stipulation;

2.    The defendant will pay a lump sum of eight thousand dollars ($8,000) to plaintiff John Blake and his attorney, Leslie D. Alderman, III. The check shall be made payable to John Blake and his attorney, Leslie D. Alderman, III. In addition, the defendant will credit plaintiff's sick leave account in the amount of 126 hours of leave; and plaintiff's annual leave account in the amount of 28 hours of leave. The leave shall be credited to plaintiff's accounts by the end of pay period five.

3.    Execution of this Stipulation by plaintiff and counsel for defendant shall constitute a dismissal of this action with prejudice, pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, except that the Court shall have jurisdiction to resolve a claim of noncompliance with the terms of this

Stipulation. Plaintiff agrees to execute any necessary documents to effectuate such dismissal.

4.   The parties agree that this Stipulation constitutes the entire agreement between them and each warrants that they enter into this Stipulation freely.

6.   If any provision of this Stipulation is found to be unenforceable, invalid or void for any reason, such provision shall be severed from this Stipulation and shall not affect the validity or enforceability of the remaining provisions.

7.   Any controversy, dispute or claim between the parties arising out of or relating to any of the terms or provisions contained in this Stipulation may be enforced by the United States District Court for the District of Columbia.

8.   This Stipulation shall represent the full and complete satisfaction of each of plaintiff's claims arising from the allegations set forth in the complaint filed and all allegations set forth in plaintiff's administrative complaint or which could have been raised in this action, including (but not limited to) all claims under the Rehabilitation Act of 1973 and the Americans with Disabilities Act asserted in the court complaint and in his administrative complaint. The settlement also includes, without limitation, full and complete satisfaction of plaintiff's claims for back pay and benefits, compensatory damages, and for costs and attorney's fees that have been, or

3

could be, made in this case, including any and all fees and costs incurred in connection with all his administrative complaints, the District Court litigation process, and any other proceedings involving the claims raised in this action.

9. By this settlement, plaintiff waives, releases and abandons any and all claims, whether asserted or unasserted, against the defendant, or his agents or employees, that arose at any time during the period of his employment up to the date this settlement is effective. Such waived, released, and abandoned claims include, but are not limited to, the above-styled litigation and any other complaint or grievance filed or pending in any other forum whatsoever, up to the date this case is dismissed pursuant to this Stipulation.

10. Execution of this Stipulation shall not constitute a finding by the Court or an admission by defendant that defendant violated plaintiff's rights as alleged in the complaint, or that there was any wrongful conduct whatsoever towards Plaintiff during the course of his employment with the defendant.

11. The parties agree that this Stipulation will not be used as evidence or otherwise in any pending or future civil or administrative action against the defendant or any other agency or instrumentality of the United States except in an action to enforce this Stipulation or to establish the terms hereof.

12. This settlement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, through their respective counsel of record, have stipulated and agreed to the foregoing as of the ___5th___ day of ~~February~~ March, 2007.

```
                                        Respectfully submitted,

_/s/_____             _/s/___J.A. Taylor (by RC)___
JOHN BLAKE, Sr.                         JEFFREY A. TAYLOR, D.C. BAR # 498610
Plaintiff                               United States Attorney


_/s/_____             _/s/_____
LESLIE DAVID ALDERMAN, III              RUDOLPH CONTRERAS, D.C. BAR # 434122
D.C. Bar # 477750                       Assistant United States Attorney
Alderman & Devorsetz, PLLC
1025 Connecticut Avenue, NW
Suite 1000
Washington, DC 20036                    _/s/ Diane M Sullivan_____
202-969-8220                            DIANE M. SULLIVAN, D.C. BAR # 12765
Fax: 202-969-8224                       Assistant United States Attorney
Email: lalderman@a-dlaw.com             Judiciary Center Building
                                        555 Fourth Street, N.W.
Attorney for Plaintiff                  Room E4919
                                        Washington, D.C. 20530
                                        (202) 514-7205

                                        Attorneys for Defendant
```

So Ordered, this _____ day of February, 2007.


_____
UNITED STATES DISTRICT JUDGE